IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALTAMEASE M. HAYES,** § | | |
| § | | |
| **PLAINTIFF,** § | | |
| § | | |
| v. § | | **CASE NO. 18-CV-0939-M-BK** |
| § | | |
| **RESIDENTIAL MORTGAGE LOAN** § | | |
| **TRUST 2013-TT2, BY U.S. BANK, N.A.,** § | | |
| **NOT ITS INDIVIDUAL CAPACITY,** § | | |
| **BUT SOLELY AS LEGAL TITLE TRUST,** § | | |
| § | | |
| **DEFENDANT.** § | | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendant's *Motion for Summary Judgment*, Doc. 14, for findings and a recommended disposition. For the reasons that follow, Defendant's motion should be **GRANTED**.

**A.   Procedural Background**

In April 2018, Plaintiff, then represented by counsel, filed this civil action in state court, seeking to prevent the impending foreclosure of her home (the "Property"). Doc. 1-1 at 8-25. She claimed (1) breach of contract "and/or" violations of the Real Estate Settlement Procedures Act; (2) wrongful foreclosure; (3) violations of the Texas Debt Collection Act; and (4) negligent misrepresentation. Doc. 1-1 at 14-24. Plaintiff also sought injunctive relief. Doc. 1-1 at 20-21, 24.

Defendant removed the case to this Court in April 2018, filed an answer to Plaintiff's

petition, and asserted a counterclaim for breach of contract and/or a declaratory judgment divesting Plaintiff of all right, title, and interest in the Property as well as an order authorizing foreclosure. Doc. 1; Doc. 3 at 9-12. In due course, Defendant filed the instant motion for summary judgment. Doc. 14. Plaintiff has not responded to the motion. *See* Doc. 17.

**B.   Undisputed Facts**

In support of its motion for summary judgment and counterclaim, Defendant has submitted documentation demonstrating the following: In March 2000, Plaintiff executed a Texas Home Equity Note ("the Note") in the original principal amount of $67,200.00. Doc. 15-2 at -52. The repayment of the Note was secured by a deed of trust ("DOT") on the Property (collectively, "the Loan"). Doc. 15-2 at 11-20. And, as of the date this case was filed, payments are due from January 2009 to the present. Doc. 15 at 10.

During that same period, Plaintiff filed five successive bankruptcy cases. In each one, Plaintiff acknowledged the existence of the DOT and her default arrearage on the Loan. Doc. 15-7 at 24; Doc. 15-7 at 35; Doc. 15-7 at 51, 55; Doc. 15-8 at 2-10, 13, 20; Doc. 15-8 at 40-41, 46, Doc. 15-8 at 63, 66-68; Doc. 15-9 at 2-6, 17-18; Doc. 15-9 at 38, 44; Doc. 15-10 at 2, 10-12, 16, 22, 29; Doc. 15-10 at 46-59; Doc. 15-11 at 2-6. Further, Plaintiff did not make proper pre- and post-petition payments in an effort to cure the arrearage. *See id. generally*. At no time during her bankruptcy proceedings did Plaintiff either (1) file an objection to a Proof of Claim for Defendant (or its predecessor in interest), or (2) notify the bankruptcy court about her potential claims against Defendant as required in the bankruptcy pleadings. *Id.*

**C.   Applicable Law**

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172,

174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Plaintiff's pleadings are not verified and, therefore, she has presented no competent summary judgment evidence. Accordingly, the Court accepts Defendant's evidence and facts as undisputed.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

**D. Analysis**

*1. Plaintiff's Claims*

Defendant first argues that all of Plaintiff's claims are barred by the doctrine of judicial estoppel because she did not disclose to the bankruptcy court all of her assets, "including contingent claims or [the] potential causes of action" Plaintiff has alleged in the case at bar. Doc. 15 at 12-13. Indeed, Defendant asserts that Plaintiff has represented under oath in every filed Schedule B in each of her bankruptcy proceedings that she had no claims or potential causes of action against Defendant. Doc. 15 at 13. Although Defendant asserts several other arguments in favor of summary judgment, this first argument is case dispositive.

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 627 (5th Cir. 2018) (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)). The doctrine is designed to "protect the integrity of the judicial process." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (citations omitted). In bankruptcy proceedings, a debtor has an express and affirmative duty to disclose all assets, including contingent claims and potential causes of action. *Love*, 677 F.3d 260-61 (citations omitted). Moreover, the obligation to disclose such claims is an ongoing one. *Id.* at 261 (citation omitted). Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *Flugence v. Axis Surplus Ins. Co.*, 738 F.3d 126, 129 (5th Cir. 2013).

4

Here, Plaintiff did not disclose in any of her bankruptcy proceedings the claims that she now brings against Defendant. As such, Plaintiff has asserted a position in this litigation that is plainly inconsistent with her prior position in the bankruptcy proceedings. *Id.* at 129. The bankruptcy court also accepted Plaintiff's prior position insofar as it discharged her debts in at least two cases without knowledge of her potential causes of action against Defendant. Doc. 15-7 at 10; Doc. 15-9 at 3. Finally, there is no indication that Plaintiff's failure to disclose the instant claims was inadvertent. *Flugence*, 738 F.3d at 129. As a result, Plaintiff's claims in this case are barred by judicial estoppel.

  2. *Defendant's Counterclaim*

As noted above, Defendant filed a counterclaim against Plaintiff for breach of contract and/or a declaratory judgment divesting Plaintiff of all right, title and interest in the Property. Doc. 3 at 9-11. Defendant now moves for summary judgment, seeking an order authorizing foreclosure. Doc. 15 at 22-24.

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, section 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Bowman v. CitiMortgage, Inc.*, 768 Fed. Appx. 220, 223 (5th Cir. 2019) (quoting *Huston v. U.S. Bank Nat. Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd,* 583 F. App'x. 306 (5th Cir. 2014) and citing TEX. PROP. CODE § 51.002).

Defendant has met these requirements through the evidence supporting its summary judgment motion. First, it is undisputed that a debt exists, as Plaintiff executed the Note and DOT securing the Loan. Doc. 15-2 at 2-5. Second, the debt is secured by a lien created under

5

Article 16, Section 50(a)(6) of the Texas Constitution, as the DOT itself expressly states.  Doc. 15-2 at 11.  Third, the Loan is in default, with no payments being made since at least January 1, 2009.  Doc. 15-10 at 52.

As relates to the fourth *Bowman* factor governing notice of the default and acceleration, in January 2017, the mortgage servicer sent by certified mail to Plaintiff a "Notice of Default and Intent to Accelerate" ("the Notice"), advising her that she had 30 days to cure her default.  Doc. 15-5 at 2-4.  There is not a subsequent "Notice of Acceleration" in the record before the Court, however.  *See Bowman*, 768 Fed. Appx. at 223; *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233-34 (Tex. 1982) (explaining the difference between a notice of intent to accelerate and a notice of acceleration and holding that both are required in the absence of a waiver).  That notwithstanding, notice of acceleration may be waived if there is a "clear and unequivocal" waiver provision set forth in a note, deed of trust, or the like.  *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893-94 (Tex. 1991).

In the present case, the Note states that in the event of non-payment, the note holder may require the borrower to pay, after a minimum of 30 days' notice, the remaining amount of principal and interest owed.  Doc. 15-8 at 71.  Further, the Notice itself provides that if Plaintiff does not timely cure the default within the next 30 days, the "Mortgage Servicer will accelerate the maturity date of the Note . . . and declare all sums due thereunder immediately due and payable."  Doc. 15-6 at 40.  Accordingly, any requirement that Plaintiff be mailed a separate Notice of Acceleration was waived by virtue of the clear and unequivocal language in the Note and Notice.  *See Shumway*, 801 S.W.2d at 893-94 (collecting cases).  Judgment thus should be entered in the form of Defendant's proposed order and judgment, which are submitted herewith.

### E. Conclusion

For the reasons stated above, Defendant's *Motion for Summary Judgment*, Doc. 14, should be **GRANTED**, a judgment of foreclosure should be entered on its behalf, and Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on August 9, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).